UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONNA BROWN,
    Plaintiff,
vs.

PORTFOLIO RECOVERY ASSOCIATES,
a foreign corporation,
EQUIFAX CREDIT INFORMATION SERVICES, INC,
a Georgia corporation,
EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, and
TRANS UNION CORPORATION,
a Delaware corporation, jointly and severally,
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COME THE PLAINTIFF THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for her Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

### VENUE

3. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

## GENERAL ALLEGATIONS

4. On or about June 27, 2008, the Plaintiff resolved a consumer type debt that she owed to a company called Solve Debts for the sum of $1,530.00 and received a letter from Solve Debts acknowledging the satisfaction of this debt ("the Debt").

5. On September 11, 2009, Defendant Portfolio Recovery Associates ("PRA") sends a demand letter for payment on the Debt to the Plaintiff.

6. On December 5, 2009, Plaintiff receives a demand letter from payment on the Debt from Attorney Mary Jane Elliott.

7. On January 11, 2010, Plaintiff sent a consumer dispute letter to Attorney Elliott and attached a copy of her letter of Satisfaction from Solve Debts.

8. On January 11, 2010, Plaintiff also sends a dispute letter to PRA and also included a copy of her satisfaction of the debt from Solve Debts.

9. On June 8, 2010, the Plaintiff discovered that PRA had reported the Debt as a trade line on her consumer credit files with defendants Trans Union, Experian and Equifax (collectively "Credit Reporting Agencies" or "CRAs").

10. In connection with each of her consumer disputes to the CRAs, she attached a copy of her satisfaction letter from Solve Debts.

11. Upon information and belief, each CRA reported the Plaintiff's consumer dispute to Defendant PRA.

12. All of the Defendants, pursuant to the Fair Credit Reporting Act ("FCRA") were required to conduct a reasonable reinvestigation into the Plaintiff's consumer dispute.

13. All of the CRAs affirmed the Debt as being currently open and an obligation of the Plaintiff.

14. Upon information and belief, each of the CRAs has received a confirmation from Defendant PRA that the Debt was an existing and valid obligation of the Plaintiff's.

15. The Debt is neither an existing nor a valid obligation of the Plaintiff's.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES.

16. Plaintiffs reallege the above paragraphs as if recited verbatim.

17. After being informed the CRAs that the Plaintiff disputed the accuracy of the trade lines reported by it, PRA was required to conduct an investigation into the Plaintiff's consumer disputes.

18. PRA negligently failed to conduct a proper reinvestigation into all of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

19. PRA negligently failed to review all relevant information available to it and provided by each of the credit reporting agencies in conducting its reinvestigations as required by 15 USC 1681s-2(b).

20. PRA negligently failed to direct each of the CRAs to delete the inaccurate information about the Plaintiff pertaining to its trade line as required by 15 USC 1681s-2(b)(1)(c).

21. As a direct and proximate cause of PRA's negligent failure to perform its respective duties under the FCRA, the plaintiff has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

22. PRA is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. The Plaintiff has a private right of action to assert against PRA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Professional Recovery Associates for actual damages, statutory damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT PROFESSIONAL RECOVERY ASSOCIATES

24. Plaintiffs reallege the above paragraphs as if recited verbatim.

25. After being informed by the Credit Reporting Agencies that the Plaintiff disputed the accuracy of the information it was furnishing, Defendant PRA willfully failed to conduct a proper reinvestigation of the Plaintiff's disputes.

26. PRA willfully failed to review all relevant information available to it and provided by each of the credit reporting agencies as required by 15 USC 1681s-2(b).

27. PRA had a copy of the Settlement Letter from Solve Debts in its possession and upon information and belief, had been provided another copy by each of credit reporting agencies.

28. Indeed, PRA knew at the time that it had received the Plaintiff's consumer disputes from the credit reporting agencies, that the Plaintiff did not owe it any money or obligation of any sort, at the time of her consumer disputes with the CRAs.

29. PRA willfully failed to direct the CRAs to delete its wrongfully reported trade lines as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of PRA's willful failure to perform its duties under the FCRA, the plaintiff has suffered actual damages, statutory damages, mental anguish, suffering, humiliation and embarrassment.

31. PRA is liable to the Plaintiff for either statutory damages or actual damages she has sustained by reason of PRA's willful violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant each her a judgment against Professional Recovery Associates for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EACH CREDIT REPORTING AGENCY.

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Each Credit Reporting Agency prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

35. Each Credit Reporting Agency negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiffs, in violation of 15 USC 1681e(b).

36. As a direct and proximate cause of each CRA's individual negligent failure to perform its respective duties under the FCRA, the Plaintiff suffered actual damages, statutory damages, mental anguish and suffering, humiliation and embarrassment.

37. Each CRA is liable to the plaintiff by reason of its individual violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAY** that this court grants her a judgment against Equifax, Experian and Trans Union for statutory damages, actual damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY THE CREDIT REPORTING AGENCIES.

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Each Defendant CRA prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiffs as that term is defined in 15 USC 1681a.

40. Such reports contained information about plaintiff that was false, misleading and inaccurate.

41. Each Defendant Credit Reporting Agency willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

42. As a direct and proximate cause of each CRA's willful failure to perform its respective duties under the FCRA, the Plaintiff has suffered statutory damages, actual damages, mental anguish and suffering, humiliation and embarrassment.

43. Each CRA is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAY** that this court grant her a judgment against Defendant Credit Reporting Agencies for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

December 22, 2010        /s/ Gary Nitzkin
                         GARY D. NITZKIN (P 41155)
                         NITZKIN & ASSOCIATES
                         Attorneys for Plaintiff
                         22142 West Nine Mile Road
                         Southfield, MI 48034
                         (248) 353-2882
                         Email – gnitzkin@creditor-law.com